## In the Matter of BOSTON & PROVIDENCE RAILROAD CORPORATION, Debtor.

No. 62413.

United States District Court, D. Massachusetts.

Oct. 26, 1982.

Arthur P. Schmidt, Charles W. Bartlett, Gaston Snow & Ely Bartlett Boston, Mass., for Shawmut Bank of Boston, the Charge Trustee.

Armistead B. Rood, Washington, D.C., for B & P Development Group.

Edwin K. Taylor, Associate Gen. Counsel, New York City, for Penn Central.

Joseph B. Hyman, Arlington, Va., Albert B. Wolfe, Cambridge, Mass., John E. Vanderstar, Covington & Burling, Washington, D.C., John M. Hall, Choate, Hall & Stewart, Boston, Mass., Charles W. Mulcahey, Boston, Mass.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

The Boston & Providence Development Group (Development Group) has petitioned this Court to recover the Debtor's reorganization fund formerly held by Trustee, Charles W. Bartlett as the residue of the $550,000 fund reserved under Paragraph 12 of the Debtor's Plan of Reorganization, plus interest. On June 24, 1976 this Court authorized Mr. Bartlett to return the residue of that fund to the Trustees of the Penn Central Transportation Company. That payment was the necessary next step in implementing the third priority of payments listed in Paragraph 12 of the Plan of Reorganization of the Boston & Providence Railroad Corporation. Petitioners motion to recover the fund shall be denied for the following reasons.

On September 3, 1974 this Court entered eight orders awarding compensation to various parties in this litigation, including the Development Group. These awards compensated the parties for fees and costs incurred during the period from July 1, 1966 through June 30, 1971 in connection with the "working out" of the Boston & Providence Plan of Reorganization. Payment of these awards was made by the Boston & Providence Trustee out of an expense fund of $550,000 that had been reserved for that purpose out of a larger sum paid to the Boston & Providence Trustee by the Penn Central Trustees upon consummation of the Plan on April 21, 1971. The Penn Central Trustees thereafter sought an order directing the Boston & Providence Trustee, Charles Bartlett, to turn over the residual balance in the expense fund, $385,187.04, to Penn Central on the basis that the "working out" of the Reorganization Plan was complete. Such an order was issued.

On appeal by the Development Group to the Court of Appeals for the First Circuit, that Court in January, 1977 remanded the matter to this Court for "the limited purposes hereinafter described."

As to claims for the period subsequent to June 30, 1971, we may have misspoken in our order of November 5, 1976 to the extent that we indicated that no issue regarding fees or disbursements could now be raised. The district court's orders of September 3, 1974 were predicated on calls for petitions for allowances of compensation and expenses from July 1, 1966 to June 30, 1971. Nothing called to our attention indicates that claims for further allowances have been barred. While we are by no means sure that any valid claims exist, we deem it important that an opportunity be afforded for their presentation. We therefore grant the petition for rehearing and amend our order of November 5, 1976 only to the extent that we remand to the district court the matter of determining whether any parties are entitled to compensation for services rendered and expenses incurred subsequent to June 30, 1971, and, if so, in what amounts.

The attorney for the appellant Development Group has not, in the more than five and one-half years since that Order was issued, submitted any information concerning allowances of counsel fees and expenses incurred after June 30, 1971. In fact, the petition for fees was not filed until more than five and one-half years after the date of the Court of Appeals ruling quoted above. The alleged claim might well be considered as having been abandoned as a result of the Group's failure to act upon its rights for such an extended period of time.

Secondly, the Court will not order recovery of the fund based on an asserted claim that has not even materialized. Equity simply will not perform such a useless act. The burden is on the Development Group to demonstrate with specificity that it is entitled to reimbursement under the original Plan and consummation Order of February 23, 1971, which directed that $550,000 be set aside for claims not paid prior to April 20, 1971. Such claims, it is emphasized, are limited to expenses incurred in conjunction with the "working out" of the Plan, and not with promotional or other activities that are not within the Plan's original scope.

If the Group can demonstrate that it is entitled to fees and expenses at all for events subsequent to June 30, 1971, it must further establish in what amount it is so entitled. If the Group demonstrates that any valid claim for further allowances exists, and is not barred by laches, that will be the time to reconsider recovering the expense fund.

Accordingly, I rule that the Development Group's motion to recover the Debtor's Reorganization Expense Fund should be, and hereby is, denied at this time.